IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAURICE C. HALL,

Plaintiff,

OPINION AND ORDER

v.

26-cv-804-wmc

DEPARTMENT OF CORRECTIONS: STANLEY CORRECTIONAL INSTITUTION, WARDEN CHRIS BUESGEN, and the HEALTH SERVICES UNIT as a whole,

Defendants.

---

Plaintiff Maurice C. Hall, who is representing himself while in state prison, has filed a civil rights complaint under 42 U.S.C. § 1983 concerning the conditions of his confinement. (Dkt. #1.) Specifically, plaintiff alleges that he was denied adequate medical care for a staph infection. Because plaintiff is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Even under the lenient standard that applies to *pro se* pleadings, the complaint must be dismissed for reasons explained below.

## BACKGROUND[1]

Plaintiff is currently incarcerated by the Wisconsin Department of Corrections ("DOC") at the Stanley Correctional Institution. Plaintiff alleges that he contracted a serious staph infection that eventually required the amputation of five toes during the "latter half of November 2024, through 2025." Plaintiff blames the entire Health Services Unit ("HSU") at Stanley Correctional Institution for "attempting to mask the infection(s) with random amounts of antibiotics[.]" Seeking compensatory and punitive damages under 42 U.S.C. § 1983, plaintiff filed this suit against the "Department of Corrections: Stanley Correctional Institution," Warden Chris Buesgen, and the HSU "as a whole."

## OPINION

The court understands plaintiff to assert that he was denied adequate medical care in violation of the Eighth Amendment, which prohibits cruel and unusual punishment. A prison official violates the Eighth Amendment in the context of a prisoner's medical care by acting with "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). To succeed on a claim of constitutionally inadequate medical care, an inmate "must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)). A medical need

[1] The facts in this section, which are taken as true for purposes of screening, are from the complaint.

is objectively serious if it "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (citations and internal quotations omitted). A prison official acts with the requisite deliberate indifference only if the official "*actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc) (emphasis in original) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

While the court accepts for purposes of screening that plaintiff has described an objectively serious medical condition, his complaint omits details demonstrating deliberate indifference on the part of any individual and does not otherwise contain sufficient allegations for him to proceed against any of the named defendants. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As relevant here, a plaintiff suing under 42 U.S.C. § 1983 must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under [42 U.S.C.] § 1983 requires personal involvement in the alleged constitutional violation") (citation

omitted).

To begin, plaintiff may not sue DOC because it is a state agency. The Eleventh Amendment of the United States Constitution bars federal lawsuits brought against states for money damages, *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir.2001), and for the purpose of preserving state sovereign immunity, state agencies are entitled to sovereign immunity and are not subject to liability under 42 U.S.C. § 1983, *Kroll v. Board of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir.1991) ("[A] state agency is the state for purposes of the eleventh amendment.").

For similar reasons, plaintiff may not sue Stanley Correctional Institution because it is a building and not a person. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, . . . a building is not a person capable of being sued under § 1983."). Likewise, plaintiff may not sue the HSU staff as a whole because the "staff" of a prison or prison unit is not a person that may be sued under § 1983. *See Cash v. Marion Cnty. Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) (affirming district court's dismissal of suit naming jail "staff" as defendants); *Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of prisoner's § 1983 complaint against defendants identified "only collectively as 'medical staff'"). Plaintiff does not otherwise allege that Warden Buesgen had any involvement in the alleged violation of his rights or an awareness of his medical condition. Because plaintiff has not asserted a viable claim against *any* of the named defendants, his complaint must be dismissed.

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d

632, 636 (7th Cir. 2016). Accordingly, the court will dismiss the complaint without prejudice but will give plaintiff 30 days to file an amended complaint, if he wishes to do so. Plaintiff is encouraged to use the court-approved complaint form that is available from the clerk's office or from the prison law library. As noted above, plaintiff need only supply a "short and plain" statement of a claim showing that he is entitled to relief against a specific defendant. Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants, so that both the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotation marks omitted). Plaintiff must, if possible, identify the dates on which he believes he was denied adequate medical care. Also, plaintiff may not refer to defendants generally but must identify the specific defendant who allegedly denied him adequate medical care on that specific occasion. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards). Plaintiff is further cautioned that under Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff submits a proposed amended complaint that complies with federal pleading rules by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2)(B). If he does not comply as directed, the case will be dismissed.

ORDER

IT IS ORDERED THAT:

1) The complaint filed by plaintiff Maurice C. Hall is DISMISSED without prejudice for failure to state a claim under Fed. R. Civ. P. 8(a).

2) Plaintiff has until **December 16, 2026**, to file an amended complaint on a court approved form. If plaintiff does not file an amended complaint by that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**3) The clerk's office is directed to provide plaintiff with a complaint form for use by prisoners under 42 U.S.C. § 1983.**

Entered this 16th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge